482 So.2d 198 (1986)
Jennie FAIRCONETUE and Alicia Williams
v.
Sam WILLIAMS, Jr. and United Service Automobile Association.
No. CA-3643.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
Kernan A. Hand, New Orleans, for plaintiffs-appellants.
Matthew B. Collins, Jr., New Orleans, for defendants-appellees.
Before KLEES, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Plaintiffs, Jennie Fairconetue and Alicia Williams, are appealing a jury verdict awarding them special damages plus $250 each in general damages for injuries they sustained in a traffic accident. On appeal, plaintiffs contest the adequacy of the general damages awards and the Trial Court's ruling excluding a written damage appraisal. We affirm.
The record reflects that on May 26, 1981, Jennie Fairconetue was driving in the left hand lane on Claiborne Avenue in New Orleans and attempted to turn left on to Iberville Street. Alicia Williams was a passenger in Fairconetue's car. Fairconetue testified that as she attempted to make her turn she was traveling at approximately *199 five to ten miles per hour. While making her turn on to Iberville, she collided with defendant Sam Williams' vehicle.
Immediately prior to the collision, defendant Williams was stopped at the corner of Claiborne Avenue and Iberville Street waiting for traffic on Claiborne to pass so that he could turn left on to Claiborne. According to plaintiffs, Williams pulled into Claiborne before they had completed their turn and collided with the left rear portion of Fairconetue's car. Williams, on the other hand, asserts that his car was completely stationary at the moment of impact and that the accident was caused when Fairconetue cut her turn too short. In any event, neither vehicle had to be towed away, and the police did not investigate the accident. Plaintiff's car was dented as a result of the accident whereas defendant sustained neither damages to his car nor personal injuries.
Fairconetue testified that immediately following the accident she walked to a nearby auto pound and obtained accident report forms. She returned to the scene of the accident and obtained the necessary information from Williams. Plaintiffs then drove to a pay phone and called defendant Williams' insurance company. They then drove to Fairconetue's home where they called her attorney, who in turn referred them to Dr. Luis Bogran for a medical examination.
Bogran saw Alicia Williams on the day of the accident and continued to treat her for approximately two months. He diagnosed Williams' condition as that of a lumbosacral strain and contusions of the face and right lower extremity. Treatment consisted of prescribing medication and physical therapy, i.e., the application of heat. Although Williams complained of discomfort for over two months, Bogran testified that there was objective evidence of injuries only at the time of the first visit.
Similarly, Bogran saw Fairconetue on the day of the accident and continued to treat her for approximately two and one-half months. He diagnosed her ailments as post-traumatic headaches, cervical spine and right ankle strain and contusions of the rib cage. His treatment of Williams likewise consisted of physical therapy and prescribing medication. Objective findings of injuries were present only at the time of the first visit.
In its verdict the jury found both Fairconetue and defendant Williams to be fifty percent contributorily negligent. The jury awarded Fairconetue $685 for medical expenses, $186 for lost wages and $250 for pain and suffering. Alicia Williams was awarded $655 for her medical expenses and $250 for pain and suffering.
It is well settled that the trier of fact is given much discretion in assessing damages in the case of an offense or a quasi-offense and that a reviewing court will not disturb the award absent a clear abuse of discretion under the particular circumstances of the case. Jones v. Soileau, 448 So.2d 1268 (La.1984); Reck v. Stevens, 373 So.2d 498 (La.1979). Our review of the facts in this case reveals no such abuse of discretion.
Plaintiffs were neither hospitalized nor confined to bed at any time following the accident. They exhibited objective findings of injury on only their initial visits to Dr. Bogran. While such circumstances may not be unusual, they certainly can be considered by the jury in assessing damages. Accordingly, we find no clear abuse of discretion in the amount of damages awarded to plaintiffs.
Plaintiffs next argue that the Trial Court erred in excluding a written appraisal of damages to Fairconetue's car. Following the accident, Fairconetue had the damages to her car appraised by a Mr. Alack. In connection with his appraisal, Alack prepared a written estimate. At trial, however, plaintiffs did not call Alack as a witness but called John Abadie, Alack's co-employee, to testify regarding Alack's appraisal. In brief, plaintiffs assert that Alack was not called to testify because he had died prior to trial. There is nothing in the record, however, to support this contention.
A repair estimate when not supported by testimony of the expert who prepared *200 it is hearsay and of no probative value. Green v. Clark, 306 So.2d 396 (La. App. 4th Cir.1975); Smith v. Doyle, 160 So.2d 791 (La.App. 3rd Cir.1964). Plaintiffs have not demonstrated that the appraisal fell under any exception to the hearsay rule and, therefore, the Trial Court properly excluded the document.
Counsel for plaintiffs argued for the first time in oral argument that the Trial Court erred in requiring Fairconetue to pay one-half of all sums defendants may have to pay to Alicia Williams.
A trier of fact's findings as to percentages of fault are factual and, in the absence of clear or manifest error or an abuse of discretion, must be upheld on appeal. Triangle Trucking Co. v. Alexander, 451 So.2d 638 (La.App. 3rd Cir.1984). The jury found Fairconetue to be fifty percent contributorily negligent, thus entitling the defendants to contribution to the extent of her fault. LSA-C.C. art. 2103 (pre-1984 amendments); Holmes v. State Through Dept. of Highways, 466 So.2d 811 (La.App. 3rd Cir.1985), writ denied, 472 So.2d 31 (La.1985). Under the circumstances of this case, we find no manifest error in either the jury's assessment of fault or the Trial Court's judgment.
For the foregoing reasons, the judgment of the Trial Court is affirmed.
AFFIRMED.