491 So.2d 633 (1986)
Mrs. Mary SANCHEZ FERNANDEZ
v.
GENERAL MOTORS CORPORATION, New Orleans Public Service Inc. and Edna Massey.
No. 86-C-0133.
Supreme Court of Louisiana.
June 23, 1986.
Rehearing Denied September 4, 1986.
*634 Charlton Ogden, II, New Orleans, for defendant-applicant.
John Dorsey, Israel Augustine, Matthew Collins, Jr., Schaefer & Schaefer, New Orleans, for respondents.
LEMMON, Justice.
We granted certiorari to review a decision of the court of appeal which reversed the trial court's judgment notwithstanding the verdict in favor of the defendant and held that the doctrine of last clear chance applied in this pre-comparative fault case. We now reverse. Pretermitting the issue whether the bus driver in this intersectional collision had the duty to anticipate that a motorist facing a stop sign at the blind intersection would fail to yield the right of way and drive directly into the path of the bus, we hold that any violation of duty by the bus driver in failing to see the motorist earlier could not possibly have caused the accident. Even if the bus driver had seen the motorist at the earliest possible point in time and reacted immediately, the accident would still have occurred in the same manner. We further conclude that no rational trier of fact could have reached a contrary conclusion and that the trial judge properly granted defendant's motion for judgment notwithstanding the verdict.
The daytime accident between a city bus and an automobile driven by plaintiff's husband occurred at the intersection of Galvez and Louisa Streets in the City of New Orleans. Following is a sketch of the intersection which is not drawn precisely to scale:

The bus was traveling east on Galvez, the favored street, and plaintiff's husband was traveling south on Louisa. Southbound traffic on Louisa was controlled by a stop sign. The front of the bus struck the passenger side of the automobile. The vehicles came to rest against a building on the southeast corner of the intersection. Plaintiff's husband was killed when his car caught fire as a result of the collision.
*635 Three eyewitnesses, including the bus driver, testified at trial. The bus driver's view of southbound traffic on Louisa was obstructed by a building at the northwest corner of the intersection. The bus driver testified that she was traveling about twenty miles per hour and looking straight ahead, and that she did not see plaintiff's husband's car until after the collision.[1]
A pedestrian testified that he saw plaintiff's husband run a stop sign at the intersection of Miro and Louisa one block earlier and then run the stop sign at the intersection of Galvez and Louisa. Although the witness at trial estimated the car's speed at thirty-five to forty miles per hour, he had reported to the investigating officer immediately after the accident that the car was traveling at a "normal speed". At trial the witness stated that a "normal speed" on that street was about twenty-five miles per hour.
The driver of another city bus, which was traveling about three-fourths of a block behind the bus involved in the accident, testified that the preceding bus was moving fifteen to twenty miles per hour and that he saw a car going at a high rate of speed cross in front of the bus and get struck by the bus.
The jury, answering special interrogatories, found that the bus driver was "guilty of negligence which was the cause in fact of the accident" and that plaintiff's husband was not "guilty of contributory negligence which was the cause in fact of the accident". The trial court granted defendant's motion for a judgment notwithstanding the verdict, stating the following reasons:
"The jury was correct in finding the bus operator guilty of negligence. She should have seen decedent's vehicle before the impact.
"Viewing all the evidence in the light most favorable to plaintiff, however, reasonable jurors were bound to conclude that plaintiff's decedent was also guilty of negligence which was a cause in fact of the accident.
"While plaintiff's counsel is probably correct in his assessment of how the jurors viewed the relative credibility of the witnesses, no version of the accident can be imagined that would place the sole causative fault on the bus driver. Whether he stopped or not, Mr. Fernandez's intrusion into the path of a slow traveling bus at a blind intersection simply did not furnish defendant's operator under any stretch of the imagination a last clear chance to avoid the accident."
The court of appeal reversed, holding that plaintiff was entitled to recover, despite her husband's contributory negligence, on the basis of last clear chance. 478 So.2d 999. The court reasoned that "a reasonable jury could have concluded that although decedent may have been negligent in running the stop sign, this negligence was not a cause in fact of the accident because a slow moving bus had the last clear chance to avoid it". (emphasis in original text) On that basis, the court concluded that "reasonable jurors were not bound to conclude that decedent's negligence was a cause in fact of the accident". We granted certiorari. 482 So.2d 621.
Although the court of appeal seemed to have merged the concepts, the determination of whether a plaintiff's contributory negligence was a cause in fact of an accident and the determination of whether a defendant had the last clear chance to avoid an accident do not necessarily involve the same inquiries. In this case there was no question that plaintiff's husband's negligence in failing to yield the right of way was a cause in fact of the accident.[2] When *636 there is an alleged failure to perform a duty, cause in fact is determined by inquiring whether performance of the omitted duty would have prevented the accident. Clearly, this accident would have been prevented if plaintiff's husband had yielded the right of way. A rational juror could not have reached a contrary conclusion, and the court of appeal erred in deciding that a reasonable juror would have concluded that decedent's negligence was not a cause in fact.[3]
The more pertinent inquiry in this case is whether the bus driver's negligence (if any) was a cause in fact of the accident. Until there is a determination that the defendant was guilty of negligence which was a cause in fact of the accident, there is no need to consider the plaintiff's contributory negligence or the defendant's last clear chance.[4]
As to the defendant's negligence, there is significant doubt whether the bus driver on the right of way street breached any duty owed to this motorist who went through the stop sign at a blind intersection without reducing his speed and appeared suddenly in the path of the bus. A motorist on a right of way street is entitled to assume that motorists on the unfavored street approaching a stop sign will obey the traffic signal and will stop, look and yield the right of way to traffic proceeding on the favored street. Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964).[5] Of course, once a right of way motorist in the exercise of ordinary vigilence sees that another motorist has failed to yield the right of way, a new duty thereafter devolves on the right of way motorist to take reasonable steps to avoid an accident if there is enough time to afford him a reasonable opportunity to do so. Nevertheless, even conceding that the bus driver should have seen the automobile at some point in time prior to the collision and that the breach of the duty to take reasonable steps to avoid a collision constituted negligence in this case, the bus driver's failure to see the automobile at some earlier point in time could not have been a cause in fact of this accident.
Determination of cause in fact is the first step in determining liability under the duty risk analysis.[6]Pierre v. Allstate Insurance Co., 257 La. 471, 242 So.2d 821 (1970). The determination of cause in fact essentially involves a "but for" inquiry. In the present case, the pertinent question is whether the accident would have occurred as it did "but for" the bus driver's failure to see the automobile earlier. Stated otherwise, if the bus driver had seen the car earlier and reacted reasonably, could she have avoided the accident?
If a motorist fails to see what he should have seen, then the law charges him with having seen what he should have seen, and the court examines his subsequent conduct on the premise that he did see what he *637 should have seen. When that precept is applied to the facts of this case, the bus driver, even if she were looking to her left at all times, could not have seen plaintiff's husband's vehicle until slightly more than one second before the impact.[7] At that point it would have been impossible for the bus driver to realize that the automobile approaching on her left was not going to stop at the stop sign and then to react to the emergency situation (not of her own making) so as to have any possibility to avoid the collision. Stated otherwise, because the bus driver's seeing the automobile approaching from the left at the very first opportunity to observe it would not have prevented the accident, then the failure of the bus driver to see the approaching automobile at the earliest possible moment did not cause the accident.
Plaintiff's principal contention in this court is that if the driver of the slow moving bus had seen the car at the earliest possible point in time, she would have had more than one second to slow down and allow the car to complete the crossing of the intersection. The argument, of course, fails to consider that the right of way motorist has no duty to see another motorist approaching a stop sign at the earliest possible point in time. Moreover, the bus driver in order to avoid the accident not only had to see the approaching motorist at the earliest possible moment, but also needed sufficient time thereafter to appreciate that the motorist was not going to yield the right of way and to react by removing her foot from the accelerator and placing it on the brake. It is totally unreasonable to conclude that this defensive action could have been taken in slightly over one second.
On this record a rational juror could not have concluded that any failure by the bus driver to see plaintiff's husband's automobile earlier was a cause in fact of the accident. It is therefore unnecessary to reach the issues of plaintiff's husband's contributory negligence and of the bus driver's last clear chance.
Accordingly, the judgment of the court of appeal is reversed, and the judgment of the trial court dismissing plaintiff's suit is reinstated.
DENNIS, J., dissents.
NOTES
[1] The physical location of the vehicles at rest after the collision, with the bus to the right of its original path of travel, indicate that either the bus driver consciously veered to the right just before impact or the momentum of the car and the bus carried the vehicles to the southeast at impact.
[2] The duty of a motorist approaching a stop sign is not only to stop, but also to yield the right of way to any vehicle which is so close as to constitute an immediate hazard. La.R.S. 32:123. Here, all witnesses testified that plaintiff's husband failed to stop, but even if the unanimous testimony is disregarded, it is self-evident that he failed to yield the right of way.
[3] In deciding a motion for judgment notwithstanding the verdict, the trial court must consider all of the evidence and the reasonable inferences in the light most favorable to the non-mover. The motion should be granted only if the evidence and inferences point so strongly in favor of the moving party that reasonable persons could not reach a contrary conclusion. Breithaupt v. Sellers, 390 So.2d 870 (La.1980). Here, the trial judge was clearly correct that reasonable persons were bound to conclude that plaintiff's husband's negligence was a cause in fact of the accident.
[4] Plaintiff concedes in her brief that "this case turns on whether reasonable men could have decided that the bus driver could have avoided the accident if she had only looked".
[5] As the Bourgeois case noted, if a right of way motorist cannot assume that a traffic signal will be obeyed, then traffic signals cease to be safety signals and become traffic traps. To require a motorist on a right of way street to be so cautious as to slow down at every intersection would cause traffic in a metropolitan area to proceed at a virtual standstill.
[6] Once cause in fact is determined, the court then must determine what duty was imposed on the defendant, whether the particular risk to the plaintiff was within the scope of the protection of that duty, and whether the duty was breached. Only then does the defendant's conduct require a response in damages. Pierre v. Allstate Insurance Co., supra.
[7] At the point of impact, the automobile had driven past the stop sign and into the intersection across the westbound lane (fifteen feet, eight inches in width) and almost across the eastbound lane (twelve feet, nine inches in width). Thus, the front of the automobile had traveled about twenty-eight feet into the intersection at the point of impact. At a speed of twenty-five miles per hour, which was the lowest estimated speed attributed to the automobile, a vehicle travels about thirty-seven feet per second. Accordingly, if plaintiff's husband's automobile traveled at a steady speed of twenty-five miles per hour, the front of the automobile one second before the collision would have been at a point at least nine feet before the intersection. At the same point in time (one second before the collision), the bus travelling at twenty miles per hour would have been about twenty-nine feet away from the point of impact. Because a building obstructed the bus driver's view to her left, the bus driver one second have seen the front of an automobile on Louisa Street muchfurther back than nine feet before the intersection. Of course, the faster the car was travelling, the further back on Louisa Street the car would have been one second before the collision.