CRAIN, Judge.
This is an action in tort. The plaintiff is Nancy Capps, the mother of Jody Capps. Ms. Capps seeks damages for injuries Jody sustained when she broke her ankle while playing oñ a trampoline. The defendants are Cecil Brashear and his home owners’ insurer, Consolidated American. Defendants appeal from the trial court’s $15,-984.30 judgment in favor of plaintiff.
FACTS
The facts are not disputed. In the spring of 1983 Jody Capps made several visits to the home of her aunt and uncle, Nellie and Cecile Brashear. During this time the Brashears had been babysitting a friend’s child for several months. A friend of the child’s mother purchased a trampoline for the child and asked the Brashears for permission to place the trampoline at their house during the child’s stay. The Brash-ears consented. Jody played on the trampoline with the other children on several occasions. On April 6, Jody had been bouncing on the trampoline for approximately 20 minutes when she broke her ankle. She stated her foot “kind of turned” and it broke. She did not fall off the trampoline. The ankle broke while she was bouncing straight up and down in the center of the trampoline.
She had consent from her mother and the Brashears to play on the trampoline. The Brashears were home at the time of the accident but were not closely supervising the children. Nellie Brashear was outside the house near the trampoline when the accident occurred. However, she was seated on a porch swing with her back turned to the children. Two other children were standing near the trampoline at the time. One was slightly older than Jody; the other was slightly younger. Jody was bouncing straight up and down in the center of the trampoline when she came down on her foot and broke her ankle. She was not attempting any kind of “stunt” or gymnastic maneuver.
The plaintiff produced expert witness testimony that the trampoline should have been fenced in to prevent unauthorized and unsupervised use; proper instruction in the correct method for jumping should have been given; spotters should have been provided; and the activity should have been properly supervised. The trial court found that the plaintiff failed to establish La.C.C. art. 2317 liability on the part of the Brash-ears for having the trampoline on their premises. The trial court did find, however, that the defendant was negligent in failing to take those safety precautions outlined above. The court further found that this negligence was the “proximate cause” of Jody’s injuries.
On appeal, the parties stipulated in oral argument that the trampoline itself was not inherently dangerous. We can therefore conclude that there is no question of *1051 the trampoline being defective because of being inherently dangerous in normal use. The question remains whether the trial court erred in its findings of liability based on negligence. Defendants also assign as error a procedural issue. However, because we reverse we deal only with the liability issue.
CAUSATION
We find that the record does not reasonably support a finding that defendant’s alleged negligence was a cause-in-fact of Jody’s injuries. We assume, arguendo, that the omissions constituted a breach of a duty defendant owed plaintiff. Causation in fact exists when a preponderance of the evidence reasonably establishes that “but for” the negligent acts plaintiff’s injuries would not have occurred. See Sanchez Fernandez v. General Motors Corporation, 491 So.2d 633 (La.1986). There are no absolutes in this regard, and a plaintiff need only establish that the probability of causation is greater than not. In this case, the plaintiffs have failed in their burden. The lack of fencing to prevent unauthorized and unsupervised use was not a cause-in-fact of the accident because Jody was an authorized user and not supervised at any rate. The lack of spotters fails to establish causation as testimony indicates their function is to prevent a fall to the ground. Jody did not fall off the trampoline. She landed on her feet, directly in the center. Therefore, had spotters been present, they could not have assisted her.
Similarly, the lack of close supervision and proper instruction cannot be said to have caused the injury. Jody was jumping straight up and down. There is no evidence to indicate that her method of jumping was improper. Because of this, there is not sufficient evidence, nor can a reasonable inference be made that instruction or supervision more probably than not, would have prevented the ankle from breaking. Plaintiff’s expert admitted on cross-examination that this break could have occurred even if all precautions and proper training were exercised. The plaintiff’s burden was to establish a probability that defendant’s conduct resulted in her harm. Straley v. Calongne Drayage & Storage, Inc., 346 So.2d 171 (La.1977). The record does not establish a probability. The trial court was clearly wrong in its findings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Accordingly, the judgment of the lower court is reversed. Plaintiff is cast for costs.
REVERSED.