| iKLEES, Judge.
The plaintiff appeals the judgment of the trial court in favor of the defendant in a matter concerning an accident that occurred on May 27, 1993. After the trial court judgment was rendered, the plaintiff filed a motion for written reasons for judgment and a motion for new trial. Written reasons for judgment were given but plaintiffs motion for new trial was denied. Plaintiff then filed this appeal of the trial court’s judgment. We conclude that the comparative negligence of each party is 50% and accordingly reverse the decision of the trial court.
Plaintiff and defendant were involved in a motor vehicle accident which occurred on May 27, 1993 at approximately 4:00 p.m. on Martin Luther King Boulevard near the intersection of S. Claiborne Ave. in New Orleans. A trial was held on Wednesday, February 1,1995 with the plaintiff and defendant there as witnesses. Other evidence admitted at trial was the deposition and statement of an alleged witness, Mary Green, the deposition of the defendant Julie Burton, the Uniform Motor Vehicle Traffic Accident Report, the property damage estimate on Julie Burton’s vehicle and three photographs of Julie Burton’s vehicle taken after the accident. Taking the matter under advisement, the trial judge rendered judgment in favor of the defendant.
The standard to apply in reviewing the trial court’s judgment is the manifest error standard wherein an appellate court should not disturb the findings of fact of the trial court in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973) stated that “[t]he reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellant court’s access only to |2a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
The plaintiff argues that the manifest error standard of review does not apply in this case because of the trial judge’s reasons for judgment. In his reasons for judgment, the trial judge stated that “the court was not impressed with the testimony and the evidence presented by the plaintiff and feels accordingly that the plaintiff failed to prove his case by a preponderance of the evidence.” The plaintiff argues that when the issue on appeal is one of sufficiency and preponderance of the evidence rather than one of resolving conflicting testimony or determining the credibility of the witness, the rule of not disturbing a trial court judgment unless manifestly erroneous does not apply. Blue Streak Enterprises v. Cherrie, 263 So.2d 734 (La.App. 4 Cir.1972).
The defendant argues that the issue on appeal is not sufficiency of the evidence, but whether the trial judge was wrong in believing the defendant’s version versus the plaintiffs version of how the accident happened. At the trial, both parties testified and an accident report, a witness’ statement and deposition, photographs and a property damage estimate were all submitted; therefore, there was sufficient evidence offered at trial. Thus, standard of review on appeal is not the sufficiency of evidence but the manifest error.
After reviewing the record, we conclude that the trial court was clearly wrong. We find that both parties were negligent, and the trial court’s judgment in favor of defen *1316 dant should be reversed. During the trial, the witness Mary Green testified that plaintiff’s light was green and defendant’s light was red and opined that it seemed like defendant was “trying to beat the traffic.” Also, defendant admitted that prior to contact with her vehicle, plaintiff entered the intersection on a green light. Based on the testimony, the police report and the ^location of the accident, we conclude that defendant was negligent. Thus, we find both parties contributed equally to the accident and damages should be reassessed.
Both parties stipulated that if liability was assessed against the defendant, the plaintiff’s general damages would be $4,000, medical bills would be $1,291 and property damage would be $250. The trial court awarded defendant $500, the sum of her collision damage deductible.
Accordingly, we reverse the judgment of the trial court and award damages to plaintiff in the amount of $5,541.00, subject to a fifty percent reduction for his comparative negligence. Further, we affirm the judgment of the trial court awarding defendant $500.00 in damages, but amend to reduce that award by fifty percent for her comparative negligence. Cost of this appeal is to be borne by both parties.

REVERSED IN PART; AFFIRMED IN PART AS AMENDED AND RENDERED.