669 So.2d 1282 (1996)
Estella ALLEN and Clifton Allen
v.
Philip RAWLINS Jr., John Rawlins and United Services Automobile Association.
Clifton J. ALLEN and State Farm Mutual Automobile Insurance Company
v.
Philip J.T. RAWLINS, as Administrator of his Minor Son, John Rawlins and U.S.A.A. Insurance Company.
Nos. 95-CA-1592, 95-CA-1593.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1996.
*1283 Millard D. Collins, Millard D. Collins & Associates, New Orleans, for Plaintiffs/Appellants.
Michael L. Stewart, Schafer & Schafer, New Orleans, for Defendants/Appellees.
Before ARMSTRONG, WALTZER and LANDRIEU, JJ.
ARMSTRONG, Judge.
Plaintiffs/defendants-in-reconvention, Estella Allen and her husband, Clifton Allen, appeal from a judgment dismissing her claim for her personal injuries, property damage, and his claim for loss of consortium against defendants/plaintiffs-in-reconvention, Philip J.T. Rawlins, individually and as administrator of his minor son John Rawlins, and his insurer, United Services Automobile Association Insurance Company ("U.S.A.A."). State Farm Mutual Automobile Insurance Company was also a plaintiff, through subrogation, seeking reimbursement for claims paid to Mr. Allen under its policy issued to him, and also a defendant-in-reconvention to the reconventional demand filed by Philip Rawlins and U.S.A.A. State Farm did not file an appeal from the judgment of the trial court, or file an answer to the plaintiffs' appeal, and thus may not have the judgment modified in its favor. Philip Rawlins and U.S.A.A. answered the Allens' appeal, claiming the trial court erred in dismissing Philip Rawlins' claim for property damage and U.S.A.A.'s claim for amounts paid to Philip Rawlins under a policy issued to him by U.S.A.A. We now affirm in part, reverse in part and render judgment.
Mrs. Allen and John Rawlins, the minor son of Philip Rawlins, were involved in a vehicular collision at the intersection of St. Charles and Jefferson Avenues in New Orleans on October 8, 1992. The only witnesses to testify at trial concerning the facts of the accident were Mrs. Allen and Mr. Rawlins.[1]
Mrs. Allen testified that on October 8, 1992, at approximately 7:30 a.m., she was driving her car in a northerly direction on Jefferson Avenue in New Orleans. Jefferson Avenue runs in a north-south direction and is a two lane thoroughfare separated by a narrow median with one lane traveling in each direction. She approached the intersection of Jefferson Avenue and St. Charles Avenue intending to make a left turn to the west onto St. Charles Avenue and stopped at a red traffic signal. When the traffic signal turned green she drove into the neutral ground, or median, of St. Charles Avenue. A driver in the southbound lane of Jefferson Avenue stopped at the signal light and motioned for her to complete her turn. As she turned, the *1284 car driven by John Rawlins, traveling southbound on Jefferson Avenue, accelerated suddenly, passed to the right of several cars and entered the intersection. Consequently, she hit Mr. Rawlins' car on the left rear door. She said that prior to impact, she did not see the Rawlins vehicle.
John Rawlins stated that at the time of the accident he was driving south on Jefferson Avenue on his way to school. As he entered the intersection of Jefferson Avenue and St. Charles Avenue, pursuant to a favorable traffic signal, Mrs. Allen struck the left side of his car as she attempted a turn onto St. Charles Avenue. He denied exceeding the speed limit and stated that he did not see Mrs. Allen's car until the collision.
The trial judge dismissed all claims, finding that neither party proved the allegations in their pleadings and that both drivers were equally at fault for the accident.
Mrs. Allen contends Rawlins' reckless driving, speeding and "illegal" pass to the right caused the accident. Mrs. Allen points to La.R.S. 32:74 in support of her negligence argument. That statute provides in part:
A. The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:
(1) When the vehicle overtaken is making or about to make a left turn;
* * * * * *
B. The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety....
Mrs. Allen claims that Rawlins' negligence is evident from his testimony that he passed non-turning vehicles before he passed the driver of the car who signalled Mrs. Allen to make her turn. Consequently, she argues, he entered the intersection without a clear view of oncoming traffic, contrary to the statute and to the standard of care mandated by the statute.
Defendants claim that Mrs. Allen's failure to yield the right of way and making a left turn without first determining whether she could do so safely caused the accident. They cite case law which holds that a left turn is a dangerous maneuver and that if a collision occurs while a driver is making a left turn, the turning motorist is burdened with a rebuttable presumption of liability. Cf. Christaw v. O'Bryant, 535 So.2d 1020 (La.App. 2d Cir.1988), writ denied, 536 So.2d 1223 (La. 1989); Hammer v. Combre, 503 So.2d 624 (La.App. 4 Cir.1987); Plaisance v. Epherson, 466 So.2d 485 (La.App. 5 Cir.1985). With regard to oncoming vehicles, a motorist making a left turn has a duty to ensure that the turn can be made without endangering an oncoming vehicle. Hammer, supra. As additional authority they cite Sanchez Fernandez v. General Motors Corporation, 491 So.2d 633 (La.1986) in which the Louisiana Supreme Court stated:
If a motorist fails to see what he should have seen, then the law charges him with having seen what he should have seen, and the court examines his subsequent conduct on the premise that he did see what he should have seen.
Id. at 636.
Defendants argue Mrs. Allen failed to rebut the presumption of liability because she admitted that she did not see John Rawlins until impact. Obviously, defendants argue, viewing the location of the damage to the Rawlins carthe left rear doorMrs. Allen should have seen John Rawlins' vehicle prior to making her turn. At trial John Rawlins testified that he was the fifth vehicle behind the school bus which was in the St. Charles Avenue neutral ground area waiting to turn onto St. Charles Avenue. He said the two vehicles immediately in front of him passed to the right of the bus through the intersection continuing south down Jefferson Avenue, the same procedure he was following when Mrs. Allen struck him. That left two other vehicles in front of him and between him and the bus. John Rawlins said the vehicle immediately behind the bus was waiting to turn and his testimony appears to be that the other vehicle was also waiting to turn. In their brief on appeal the defendants/plaintiffs-in-reconvention *1285 state that all of the vehicles John Rawlins passed to the right of were waiting to turn. John Rawlins denied speeding.
This court's function on appellate review is to determine whether the evidence was sufficient for the trial court's factual findings, and whether those findings were clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
A trier of fact's findings as to percentages of fault are factual and in the absence of clear or manifest error, must be upheld on appeal. Fairconetue v. Williams, 482 So.2d 198 (La.App. 4 Cir.1986). However, where manifest error exists, we are compelled to adjust those percentages. See Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 (La.1985).
There is no fixed rule for the determination of what constitutes negligent conduct; the facts and environmental characteristics of each case must be considered and treated individually. Hammer, 503 So.2d at 625. We agree with the trial judge that the evidence shows Mrs. Allen and Mr. Rawlins are both at fault since their competing acts of negligence were causally related and contributed to the accident. Both parties testified that neither saw the other before impact.
There is no question that John Rawlins had the right of way; Mrs. Allen does not dispute that she entered the intersection on a green light or that she had to cross the path of favored oncoming traffic to complete her turn. Mrs. Allen failed to yield the right of way. On the other hand, the trial court could have accepted the testimony of Mrs. Allen that John Rawlins was speeding and/or that he passed to the right of vehicles which were not waiting to turn left and concluded that John Rawlins entered the intersection without a clear view of the traffic situation, thus violating the safety requirement of the statute. The trial court had sufficient evidence before it to conclude that each party was at fault in causing the accident. We are unable to say that such a finding was manifestly erroneous.
In the instant case the trial court found that both parties were equally at fault in causing the accident. In determining the percentage of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed. Watson, 469 So.2d at 974. The record furnishes sufficient evidence to support a finding that each party was equally, or 50%, at fault. We cannot say that such a finding was manifestly erroneous.
Having made this finding of equal fault, 50% assessed to each party, the trial court should have awarded damages to each party, diminished according to the percentage of their respective fault. Under Louisiana's comparative-fault scheme, plaintiff's negligence will only diminish, not defeat, recovery as long as plaintiff's negligence is less than 100%. Watson, 469 So.2d at 971, 972; La.C.C. Art. 2323. The record furnishes a sufficient basis for this court to make that assessment of damages. Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707 (La.1980).
The parties stipulated to special damages prior to trial. It was stipulated that State Farm paid $2,417.92 and $128.00 for rental car expenses under Mr. Allen's policy. However, as previously stated, State Farm did not appeal the judgment of the trial court. It was further stipulated that Mrs. Allen's medical expenses were $760.00, $73.29 and $21.03, for a total of $854.32, reduced to $427.16 by her 50% of fault. In addition to medical expenses and property damage, Mrs. Allen claimed lost wages, mental anguish, and physical pain and suffering. Mrs. Allen's husband also stated a claim for loss of consortium but the record is devoid of any evidence to support an award of loss of consortium. Mr. Allen also set forth a claim for $250.00, without specifying what this claim was for. Nothing was presented at trial to *1286 support such a claim. The record contains evidence to support Mrs. Allen's claim for damages for physical pain and suffering and inconvenience, but not for any serious mental anguish or lost wages.
By stipulation between the parties, the report of Mrs. Allen's treating physician, Dr. Gerald Miller, was admitted into evidence. Dr. Miller diagnosed Mrs. Allen's injuries as cervical spine sprain; bilateral shoulder muscle strains; and multiple muscle strains, both upper extremities. He prescribed a course of medication, physical therapy, exercise and cervical traction. His report indicates he treated Mrs. Allen for approximately six months. On April 22, 1993, the date of her last visit, she was asymptomatic. Considering the evidence, we believe an award of $3,500.00 adequately compensates Mrs. Allen for her physical pain and suffering and inconvenience. Such damages are reduced to $1,750.00 by her 50% fault.
It was stipulated that U.S.A.A. Ins. Co. paid $742.00 for property damage to the Rawlins vehicle under its policy issued to Philip J.T. Rawlins. This is reduced to $371.00 by the 50% of fault assessed to John Rawlins. It was stipulated that Philip Rawlins paid a $500.00 deductible on his U.S.A.A. policy for damage to the Rawlins vehicle. This is reduced to $250.00 by the 50% of fault assessed to John Rawlins.
For the foregoing reasons, we affirm the judgment of the trial court insofar as it found both plaintiff/defendant-in-reconvention, Mrs. Estella Allen, and defendant/plaintiff-in-reconvention, John Rawlins, at fault in causing the accident. We reverse the judgment of the trial court insofar as it dismissed the claims of all parties, and render judgment in favor of plaintiff Mrs. Estella Allen and against defendants Philip J.T. Rawlins and United Services Automobile Association Insurance Company, in the amount of TWO THOUSAND ONE HUNDRED SEVENTY-SEVEN DOLLARS AND 16/100 CENTS ($2,177.16). Judgment is further rendered in favor of plaintiff-in-reconvention Philip J.T. Rawlins and against defendants-in-reconvention Estella Allen, Clifton J. Allen and State Farm Mutual Automobile Association, in the amount of TWO HUNDRED FIFTY DOLLARS AND 00/100 CENTS ($250.00). Judgment is further rendered in favor of plaintiff-in-reconvention United States Automobile Association Insurance Company and against defendants-in-reconvention Estella Allen, Clifton J. Allen and State Farm Mutual Automobile Association, in the amount of THREE HUNDRED SEVENTY-ONE DOLLARS AND 00/100 CENTS ($371.00).
Costs are assessed one-half to plaintiffs/defendants-in-reconvention and one-half to defendants/plaintiffs-in-reconvention.
AFFIRMED IN PART; REVERSED IN PART; RENDERED.
NOTES
[1] Mrs. Allen's husband also testified; however, his testimony was limited to corroboration of his wife's injuries.