I,PLOTKIN, Judge.
The sole issue in this red lighi/green light accident dispute is whether the trial court erred in dividing the liability equally between the two drivers. Finding no manifest error in the trial court judgment assigning 50 percent of the liability to each of the drivers involved in the accident, we affirm.
The accident underlying this appeal occurred at the corner of Canal and Broad Streets in the City of New Orleans around 6 p.m. on September 19, 1997. Both Canal *1073 and Broad have six lanes at that location, three lanes in each direction. Plaintiff, Yolanda Coleman, was operating a Ford Escort owned by her mother, travelling in the far right lane of Canal Street headed toward Lake Pontchartrain; plaintiff, Shareen Mitchell, was a guest passenger in Ms. Coleman’s car. Ms. Coleman stopped her car at the intersection, obeying a red light. Also waiting at the light, travelling in the same direction immediately to Ms. Coleman’s left, was a Jeep Cherokee driven by defendant Marsha Walsh. Ms. Coleman testified that, when she saw Ms. Walsh’s jeep start moving, she accelerated her vehicle into the intersection.
[ ¡¡Defendant, Doretha Riley, was operating a Chrysler Fifth Avenue, travelling toward downtown on Broad Street. As she was going through the intersection at Canal and Broad, her vehicle collided first with Ms. Walsh’s vehicle, then with Ms. Coleman’s vehicle. Both Ms. Coleman and Ms. Mitchell received minor back and neck injuries as a result of the second collision. Ms. Coleman’s vehicle also suffered some minor property damage.
Although her testimony was equivocal in some respects, Ms. Riley stated at trial that the light was green when she started moving through the intersection, and that she did not see it turn red prior to collision. Ms. Walsh testified that the light on Canal Street changed before she started moving, and that she did not see Ms. Riley’s vehicle approaching out of her peripheral vision; she admitted that she did not turn her head to look for on-coming traffic before accelerating her vehicle or upon entering the intersection. Ms. Coleman testified that she began accelerating when she saw Ms. Walsh’s vehicle move. Upon questioning, Ms. Coleman testified that although she tried to look left before accelerating, she could not see because Ms. Walsh’s jeep blocked her vision.
The trial court found that both Ms. Riley and Ms. Coleman were 50 percent at fault for the accident. He awarded damages against Ms. Riley and Allstate Insurance Co. to Ms. Coleman in the amount of $5,015 and to Ms. Mitchell in the amount of $5,030. Both of those awards were subject to a 50 percent reduction for Ms. Coleman’s liability. In reasons for judgment, the trial court stated as follows:
Considering the evidence adduced at trial the Court is of the opinion that the automobile accident which forms the basis of this |slawsuit was caused equally by the fault of plaintiff, Yolanda Coleman, and the defendant, Dorothea [sic] Riley. Each driver, exercising due care should have seen the other and been able to avoid the collision. Regardless of which vehicle had the red and green signal light, each driver has a duty to proceed across a busy multilane intersection only after determining that it is safe to do so. Both drivers violated that duty and are therefore equally at fault.
Ms. Coleman and Ms. Mitchell appeal, assigning as the only issue on appeal the trial court’s finding that Ms. Coleman was 50 percent at fault for causing the accident.
Generally, an appellate court may not set aside a trial court’s or jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Cormier v. Comeaux, 98-2378 (La.7/7/99), 748 So.2d 1123, 1126, quoting Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993); Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Even though the appellate court may feel its own evaluations and inferences are more reasonable than the those of the factfinders, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where a conflict exists in the testimony. King v. Sewerage & Water Board of New Orleans, 99-0382, p. 3 (La.App. 4 Cir. 11/24/99), 747 So.2d 200, 202, writ denied, 99-3588 (La.2/18/00), 754 So.2d 967.
The Supreme Court, in Stobart, 617 So.2d at 882, reiterated the two-part test for the reversal of a fact finder’s determination announced in Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978). *1074 Under the test, an appellate court must find from the record (1) that a reasonable factual basis does not exist for the finding of the trial court, and (2) that the record establishes that the finding is clearly and manifestly wrong. Id.; Cormier, 98-2378 at 5, 748 So.2d at 1127.
|4Ms. Coleman and Ms. Mitchell assert that the evidence clearly establishes that Ms. Coleman had the right of way at the time of the accident and that Ms. Riley ran the red light. However, the trial court made no factual finding concerning which of the two motorists ran the red light, nor is he required to do so under the circumstances of this case.
No fixed rule exists for determining what conduct constitutes negligence; thus, the facts and environmental characteristics of each ease must be considered and treated individually. Allen v. Rawlins, 95-1592, 95-1593, p. 4, (La.App. 4 Cir. 2/15/96), 669 So.2d 1282, 1285. Moreover, a favored driver can still be found contributorily negligent if his or her substandard conduct contributed to the cause of the accident. Thomasie v. Lee, 97-397, p. 7-8, 700 So.2d 580, 583-84 (La.App. 5 Cir. 10/28/97). Moreover, “[i]f a motorist fails to see what he should have seen, then the law charges him with having seen what she should have seen, and the court examines his subsequent conduct on the premise that he did see what he should have seen.” Fernandez v. General Motors Corp., 491 So.2d 633, 636-37 (La.1986); Thomasie, 97-397 at 7-8, 700 So.2d at 583-84; Allen, 95-1592 at 3, 669 So.2d at 1284.
In Allen, which is a case involving an accident which occurred while one party was making a left turn, this court affirmed the trial court’s judgment holding both parties equally at fault, finding that the drivers’ “competing acts of negligence were causally related and contributed to the accident.” 95-1592 at 4, 669 So.2d at 1285. Moreover, in Pitts v. Burton, 95-1018 (La.App. 4 Cir. 12/14/95), 665 So.2d 1314, this court reversed in part a trial court judgment in favor of the defendant in a red light/ green light accident, and divided liability equally between the plaintiff and defendant. Id. See also, this court’s recent opinion in Jones v. Zibilich, 2000-0250 (La.App. 4 Cir. 12/6/2000), 778 So.2d 110, dividing liability jn a rec[ light/ green light accident dispute between the two drivers.
In the instant ease, we find no manifest error in the trial court judgment assigning 50 percent of the fault for the accident to Ms. Coleman and 50 percent of the fault for the accident to Ms. Riley. Although the record contains some evidence indicating that Ms. Coleman’s vehicle entered the intersection on a green light, the record also contains evidence that Ms. Coleman did not wait until she had a clear view of on-coming traffic from the left before accelerating and moving into the intersection. Ms. Coleman testified that she simply started moving when she saw Ms. Walsh’s vehicle moving, without waiting until she could see more clearly.
Accordingly, we affirm the trial court judgment dividing liability equally between Ms. Coleman and Ms. Riley.
AFFIRMED.