**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**06-1222**

**JEFFREY AND PEGGY DESSELLES, ET AL.**

**VERSUS**

**APRIL JOHNSON, ET AL.**

************

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT,
PARISH OF AVOYELLES, NO. 2004-7172,
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

************

**MICHAEL G. SULLIVAN**
**JUDGE**

************

Court composed of John D. Saunders, Jimmie C. Peters, and Michael G. Sullivan, Judges.

**AFFIRMED.**

**Michael T. Johnson**
**Johnson & Siebeneicher, Inc.**
**Post Office Box 648**
**Alexandria, Louisiana  71309**
**(318) 484-3911**
**Counsel for Defendants/Appellants:**
    **State Farm Mutual Automobile Insurance Company**
    **Latisha Minix**

**Brian M. Caubarreaux**
**Derrick G. Earles**
**Caubarreaux & Associates**
**Post Office Box 129**
**Marksville, Louisiana  71351-0129**
**(318) 253-0900**
**Counsel for Plaintiffs/Appellees:**
        **Jeffrey & Peggy Desselles**

SULLIVAN, Judge.

Defendants, State Farm Mutual Automobile Insurance Company ("State Farm") and Latisha Minix, appeal from a trial court judgment that cast Ms. Minix with fifty percent of the fault in an automobile accident with another driver, April Johnson, and that awarded damages for injuries sustained by Ms. Johnson's three passengers, Peggy Desselles and her two children, Holly, and Jeffrey, Jr.[1] The only issue raised by Defendants on appeal is whether the trial court erred in allocating any fault to Ms. Minix. For the following reasons, we affirm.

## Discussion of the Record

On May 11, 2004, Ms. Minix was driving in a northerly direction on Preston Street in Marksville, Louisiana, as she approached its intersection with Ferdinand Street. The intersection was controlled by a stop sign with Preston Street as the favored route. Ms. Johnson, who was traveling east on Ferdinand Street, sought to make a left turn onto Preston Street. The accident occurred when Ms. Minix struck the rear of Ms. Johnson's vehicle after Ms. Johnson had completed her left turn and had begun traveling straight on Preston Street.

Ms. Minix testified that she was traveling below the posted speed limit of 35 m.p.h. because she had previously noticed that she was being followed by a police vehicle. She stated that she first saw the Johnson vehicle as it began turning onto Preston Street, at which time she immediately applied her brakes, although she did not do so "very hard." Ms. Minix estimated that she was between one and two car

---

[1]Plaintiffs, Peggy and Jeffrey Desselles, individually and on behalf of their minor children, Holly and Jeffrey, Jr., initially filed suit against Ms. Minix and State Farm, as well as Ms. Johnson and her insurer, Progressive Insurance Company ("Progressive"). Plaintiffs subsequently settled with Ms. Johnson and Progressive and proceeded to trial only against Ms. Minix and State Farm. After a bench trial, the trial court awarded the following damages: for Mrs. Desselles, general damages of $27,500.00 and medical expenses of $8,308.47; for the minor child, Holly, general damages of $4,000.00 and medical expenses of $72.26; and for the minor child, Jeffrey, Jr., general damages of $350.00 and medical expenses of $36.13. All awards were subject to a fifty-percent reduction for the fault of Ms. Johnson.

lengths from the intersection when she first saw Ms. Johnson pulling out and that she struck the Johnson vehicle approximately four seconds after applying her brakes. Because Ms. Minix only saw the Johnson vehicle as it was moving, she could not state whether it had come to a stop before turning onto Preston Street. She further denied blowing her horn before the accident.

Deputy Jonathan Carmouche of the Avoyelles Parish Sheriff's Office was directly behind Ms. Minix's vehicle at the time of the accident. Deputy Carmouche estimated that the Minix vehicle was three to four car lengths from the intersection when he noticed Ms. Johnson turning onto Preston Street. He testified that he observed Ms. Minix brake, although not hard enough to cause skid marks, and that Ms. Johnson had traveled about two to three car lengths on Preston Street before the accident. Deputy Carmouche stated that the impact occurred after Ms. Johnson had completed her turn so that both vehicles were traveling straight on Preston Street, rather than at an angle, at the time of impact.

Mrs. Desselles, who was seated in the front passenger seat of Ms. Johnson's vehicle, testified that she had turned around to retrieve her child's bottle from the back seat as Ms. Johnson came to a stop before turning onto Preston Street. She estimated that, after they completed their turn, their vehicle traveled approximately eight to ten seconds on Preston Street before it was struck from behind. During this time, it appeared to Mrs. Desselles that Ms. Minix "was on our bumper blowing her horn."

Officer Carl Harvey of the Marksville City Police Department, who investigated the accident, testified that the vehicles had been moved from the point of impact by the time he arrived; therefore, he had no information as to the distances

traveled by each vehicle. He testified that he issued a traffic ticket to Ms. Johnson for failure to yield.

At the close of the evidence, the trial court issued oral reasons in which it found both drivers to be equally at fault. Concerning Ms. Minix's actions, the trial court found that she did not do all she could to avoid the accident, considering that Ms. Johnson had time to complete her left turn and to begin traveling north on Preston Street and that Ms. Minix estimated four seconds had elapsed between when she first applied the brakes and the impact.

## Opinion

In *Foley v. Entergy Louisiana, Inc.*, 06-983, pp. 9-10 (La. 11/29/06), __ So.2d __, __ (citations omitted) (emphasis added), the supreme court recently summarized the principles of appellate review of factual determinations, specifically noting that these principles apply to the findings of percentages of fault:

> [T]he issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. If factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.
>
> When the findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the findings of fact, for only the fact finder is cognizant of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the witness's story, a reviewing court may well find manifest error even in a finding purportedly based upon a credibility determination. Where such factors are not present, however, and a fact finder's determination is based on its decision to credit the testimony of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. . . .

3

These standards for manifest error are not new. These standards are the guiding principles that aid our review of a trial court's factual determinations. A manifest error review is applicable to the fact-driven determinations presented in this case, *including the finding of percentages of fault by the trier of fact.*

Further, if the trial court's apportionment of fault is found to be manifestly erroneous, it may only be adjusted "to the extent of lowering or raising it to the highest or lowest point respectively which is reasonably within the trial court's discretion." *Clement v. Frey*, 95-1119, p. 8 (La. 1/16/96), 666 So.2d 607, 611.

The duty of a motorist whose path is controlled by a stop sign is found at La.R.S. 32:123(B) (emphasis added), which provides:

> Except when directed to proceed by a police officer or traffic-control signal, every driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the cross walk on the near side at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. *After having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.*

Concerning the duty of a motorist on a favored street, the court in *McElroy v. Wilhite*, 39,393, p. 4 (La.App. 2 Cir. 5/18/05), 903 So.2d 627, 631 (quoting *Sanchez Fernandez v. General Motors Corp.*, 491 So.2d 633, 636 (La.1986)) (emphasis added) (alteration supplied), stated:

> A motorist on a right of way street is entitled to assume that motorists on the unfavored street approaching a stop sign will obey the traffic signal and will stop, look, and yield the right of way to traffic proceeding on the favored street. Of course, once a right of way motorist [in the exercise of ordinary vigilance sees that another motorist] has failed to yield the right of way, *a new duty thereafter devolves on the right of way motorist to take reasonable steps to avoid an accident if there is enough time to afford him a reasonable opportunity to do so.*

4

In finding Ms. Minix to be fifty percent at fault in this accident, the trial court stated that "the defendant driver could have slowed down more and backed off more." The trial court based this conclusion on the position of the vehicles at the time of impact and Ms. Minix's testimony that there was at least a four-second delay between braking and impact. After reviewing the record, we find no error in the trial court's factual and legal conclusions. Because the investigating officer did not arrive until the vehicles had been moved, he could not provide any information on the distance that each vehicle traveled before the accident. That left the trial court with only the conflicting testimony of the eye witnesses to evaluate at trial.

Deputy Carmouche, the only disinterested witness, initially estimated that Ms. Minix had between five and seven car lengths, plus the width of the intersection, to avoid the accident, although he also stated that those distances could have been shorter. Ms. Minix believed that she was within only one to two car lengths of the intersection when Ms. Johnson began pulling out. She further estimated that four seconds had elapsed between her braking and the impact, whereas Mrs. Desselles testified that Ms. Minix appeared to be at their bumper for approximately eight to ten seconds before the accident occurred.

On this record, we cannot conclude that the trial court erred in finding that Ms. Minix failed to do whatever was necessary to avoid the collision. Ms. Johnson had sufficient time to complete her left turn and to begin traveling north on Preston Street. Ms. Minix testified that she was going below the posted speed limit and that she immediately braked. However, she also acknowledged some delay between braking and impact. She estimated that delay at four seconds, whereas Mrs. Desselles believed it to be up to ten seconds. The trial court found that "it would be hard . . .

5

to be braking for four seconds and still hit the accelerating vehicle." The trial court further noted that "if the officer saw the brake lights, then [Ms. Minix] could have been at . . . the velocity to ride the bumper while still lightly braking." These observations are reasonable in light of the entire record. We, therefore, decline to disturb the trial court's allocation of fault in this case.

## Decree

For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Defendants/Appellants, Latisha Minix and State Farm Mutual Automobile Insurance Company.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal. Rule 2-16.3.