BELSOME, J.
dissents with reasons.
| ,As the majority acknowledges, Plaintiff was traveling on Earhart Boulevard, the favored street. Defendant Norden May-field simply failed to yield to Ms. Munoz as he was crossing the favored street.[1] Ms. Munoz reasonably assumed that Mr. May-field, traveling from the less favored street, would stop for the intersection and yield the right-of-way. See Rivers v. Alexander, 560 So.2d 999, 1002-03 (La.App. 4 *566 Cir.1990)(citing Willis v. Everett, 359 So.2d 1080, 1085 (La.App. 3 Cir.), writ denied, 362 So.2d 800 (La.1978))(quoting Welch v. Welch, 169 So.2d 713 (La.App. 4 Cir.1964)). “A motorist on a right-of-way street is entitled to assume that motorists on the unfavored street approaching a stop sign will obey the traffic signal and will stop, look and yield the right of way to traffic proceeding on the favored street.” Edwards v. Pierre, 2008-0177, p. 7 (La.App. 4 Cir. 9/17/08), 994 So.2d 648, 655 (quoting Fernandez v. General Motors Corp., 491 So.2d 633, 636-37 (La.1986)). Furthermore, Ms. Munoz testified that she was making a legal right-hand turn from the shoulder of the road. See Winfield v. Dih, 2001-1357, p. 6 (La.App. 4 Cir. 4/24/02), 816 So.2d 942, 947. The trial court thus erred in shifting the duty to yield from Mr. Mayfield to Ms. Munoz, as a motorist is required by law to make a right turn from the area closest to the curb. See Winfield, 2001-1357, p. 6, 816 So.2d at 947; New Orleans Municipal Code Sec. 154-436(1). Notably, this Court recently recognized that “it is only in the exceptional case where the right of way motorist could have avoided the accident by the exercise of the very slightest degree of care that he will be considered guilty of negligence.” Edwards, 2008-0177, p. 8, 994 So.2d at 655 (holding that driver who crossed the favored street was 80% at fault for failing to see the approaching vehicle in oncoming traffic).
I cannot agree that the trial court’s factual findings were reasonable and supported by the record in this case. Nor can I agree that Ms. Munoz, rather than Mr. Mayfield, had the duty to yield under these facts and circumstances. Therefore, I respectfully dissent.

. Subsequent to the accident, Ms. Munoz received treatment for cervical and lumbar spine injuries, as well as shoulder pain, muscle spasm, cervical disc disease, left knee pain, and temporomandibular joint disorder ("TMJ”).