JiLANDRIEU, Judge.
On March 21, 1988, Jimmy Henry was struck by an automobile as he was crossing the industrial canal bridge on St. Claude Avenue (the St. Claude Bridge) in New Orleans. His mother, Viola Johnson, filed suit individually and on his behalf against the driver of the vehicle, as well as the State of Louisiana through the Department of Transportation and Development (hereinafter “the State”).[1] By supplemental and amending petition, the City of New Orleans and the Board of Commissioners of the Port of New Orleans (the Dock Board) were added as defendants in the lawsuit.
The State moved for summary judgment arguing that although Highway 46, including the ground level approaches to the St. Claude Avenue Bridge, was part of the state highway system, the bridge itself was never a part of the state highway system or under the control of the state’s Department of Transportation and Development. The trial court granted summary judgment in favor of the State and Ms. Johnson now appeals.
I ^DISCUSSION
Summary judgment shall be rendered “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.Proc.Ann. art. 966 (West 1984). In deciding whether all material issues have in fact been disposed of, any doubt is to be resolved in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
In support- of its claim that it never designed, constructed, owned, maintained, or in any way possessed, or had custody or “garde” of the St. Claude Avenue bridge, the State submitted two documents. The affidavit of Hunley P. DuFour, Jr., District Bridge Maintenance Inspector Supervisor for the Department of Transportation and Development (DOTD), contended that although the ground level approaches to the St. Claude Avenue Bridge were part of the state highway system, the state DOTD never had ownership, care, custody, control, maintenance or repair obligations in regard to the bridge and *1186 that the bridge itself was owned and maintained by the Board of Commissioners of the Port of New Orleans and/or RTA. Secondly, the State submitted documentation that Senate Bill No. 614 of the 1988 Regular Session of the Legislature which proposed transfer of ownership and responsibility for the St. Claude Avenue Bridge to the State (and was cited by Ms. Johnson as evidence of State liability) was never enacted.
In response, Ms. Johnson noted that La. Rev.Stat.Ann. 48:191 (West 1984) which created and established the state highway system expressly included Louisiana Highway 46, including St. Claude Avenue, as part of the highway system, and made no exception regarding the bridge over the industrial canal. In addition, Ms. Johnson cited Stephens v. State Through Dept. of Transp. and Development, 440 So.2d 920 (La.App. 2nd Cir.1983), writ denied, 443 So.2d 1119 (La.1984), as authority for the proposition that the State had a “specific duty to provide adequate warnings of dangerous conditions on the highway, and the specific duty to erect barriers, signs and markings, sufficient to warn the public of dangerous conditions.” In oral argument before this Court, counsel for Ms.. Johnson elaborated on these positions and argued (1) that even if the bridge itself was owned by the dock board, the site of the accident, i.e. whether it was on the bridge or the bridge approach, remained a factual determination not subject to summary judgment, and (2) that regardless of ownership of the bridge, the State had a duty to erect safety barriers and warning signs to avoid exposing the public to unreasonable danger.
In light of the express statutory language including St. Claude Avenue as part of the state highway system, the State’s ownership and/or responsibility for the bridge is problematic.[2] Moreover, the State admitted to custody and control over the approaches to the Bridge and the surrounding roadway, leaving open the question of its duty to warn oncoming motorists and pedestrians of dangers before encountering the bridge. Generally, summary judgment is rarely appropriate in negligence cases “where a decision turns on whether or not defendant’s conduct constitutes tort.” Smith v. Walgreens Louisiana Company, Inc., 542 So.2d 766, 767 (La.App. 4th Cir.1989). Here, we have one party claiming that the other party negligently maintained a portion of a roadway over which the other party admits to having control (the approaches to the Bridge). Therefore, the issues of a possible duty and causation remain unresolved.
UFor the foregoing reasons, the judgment of the trial court granting DOTD’s Motion for Summary Judgment and dismissing it from the main demand is reversed, and the matter is remanded to the trial court for further proceedings in accordance with this opinion.
REVERSED.

. The State filed a third party demand against the City of New Orleans, as well as the Board of Commissioners of the Port of New Orleans.

. In another case arising out of an accident on the St. Claude Avenue Bridge, the State was granted summary judgment on the issue of ownership of the bridge and, apparently, no appeal was taken from this judgment. In the subsequent appeal (on other issues), this Court noted in its statement of facts that the bridge was owned and operated by the Board of Commissioners of the Port of New Orleans. Linares v. Louisiana DOTD, 582 So.2d 879 (La.App. 4th Cir.1991). However, because the issue was never before the Court and the statement of facts is without precedential value, Linares is not dispos-itive.