747 So.2d 200 (1999)
Brian KING and Troy LeBlanc
v.
SEWERAGE AND WATER BOARD OF NEW ORLEANS, City of New Orleans and ABC Insurance Company.
No. 99-CA-0382.
Court of Appeal of Louisiana, Fourth Circuit.
November 24, 1999.
Writ Denied February 18, 2000.
*201 Laurence Cohen, Morris Bart, P.L.C., New Orleans, Counsel for Plaintiff-Appellee.
John B. Krentel, New Orleans, and George R. Simno, III, General Counsel, Jacob Taranto, II, Assistant Special Counsel, John D. Lambert, Jr., Special Counsel, New Orleans, Counsel for Defendant-Appellant.
Court composed of Chief Judge ROBERT J. KLEES, Judge WILLIAM H. BYRNES, III, Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY and Judge JAMES F. McKAY, III.
KLEES, Chief Judge.
This is an appeal from a trial court's judgment that defendant is liable for the injuries plaintiff sustained while driving his automobile over a crevice on Canal Street in New Orleans. We affirm in part; and reverse in part.
On February 3, 1994, at approximately 1:00 o'clock a.m., plaintiff, Mr. Brian King ("Plaintiff"), struck an asphalt cut while traveling down the center lane of Canal Street.[1] A construction barricade blocked off the right lane, but there were no barricades in the center lane or the left lane. The damage to Plaintiffs vehicle consisted of having a ruptured left tire, a bent axle and a chipped rim. As a result of the accident, Plaintiff noticed pain in his back and leg. Plaintiff received treatment from Dr. Behar, a chiropractor, from February 16, 1994 to November 8, 1994. Thereafter, in 1995, Plaintiff received treatment from Dr. Manale, an orthopedic surgeon, who performed surgery on his lower back on December 5, 1995, April 2, 1997, and on May 8, 1998.
Plaintiff filed suit against defendant, the Sewerage and Water Board of New Orleans, seeking damages for past and future pain and suffering, mental anguish, medical expenses and incidental losses. Following a bench trial, the trial court found that "the hole which Mr. King hit was a significant depression in the street which the Sewerage and Water Board should have barricaded" and thus, that the Sewerage and Water Board was liable. The court awarded Plaintiff the following damages:

Medical Bills
Dr. Mark Behar $1,447.00
Dr. Manale $5,600.45
April of 1997 surgery $18,328.35
May of 1998 surgery $19,285.00
 __________
Total medical bills: $44,660.80
Property damage to automobile $500.00
Pain and Suffering $150,000.00
 ___________
Total Damages: $195,160.80

*202 In entering the awards, the trial court specifically noted that while the evidence did show that Plaintiff had previous back problems, "it was clear...that those problems had been resolved prior to this accident." The court further stated that the "[t]estimony elicited from Mr. King and his various doctors confirmed that the plaintiff sustained ten months of conservative medical treatment and three surgeries, including a fusion surgery, all as a result of this accident." The Sewerage and Water Board appeals this final judgment.
The Sewerage and Water Board assigns three errors by the trial court: (1) the trial court erred in holding the Sewerage and Water Board liable, when, as a matter of law, liability did not exist; (2) the trial court erred in failing to assign any fault to the plaintiff when the plaintiff clearly admitted fault in his testimony; and (3) the trial court erred in failing to adequately consider the intervening accident in assessing damages.
In Plaintiff's appellate brief, he assigns two errors by the trial court: (1) that the trial court erred by omitting the charges of $26,109.45 for Plaintiffs first surgery; and (2) that the trial court erred in failing to award Dr. Manale's total bill of $29,277.19.
The appellate court's review of factual findings is governed by the manifest errorclearly wrong standard. The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony.
The first issue we will consider is the liability of the Sewerage and Water Board. In order for Plaintiff to recover against the Sewerage and Water Board for damages due to a road defect, he must prove: (1) the thing that caused his damages was in the Sewerage and Water Board's custody; (2) the thing was defective due to a condition that created an unreasonable risk of harm; (3) the Sewerage and Water Board had actual or constructive notice of the defect, yet did not take steps to correct it within a reasonable period of time; and (4) the defect was a cause in fact of Plaintiff's harm. Jones v. Hawkins, 98-1259, p. 4 (La.3/19/99), 731 So.2d 216, 218.
In this case, Mr. Newton Thomas, a claims investigator with the Sewerage and Water Board, testified that the Sewerage and Water Board did in fact have the center lane on Canal Street and North Dupre under their control on February 3, 1994. Mr. Thomas also stated that he believed the hole should have been backfilled by the Sewerage and Water Board to prevent any hazardous conditions to the general public.
Mr. Charlie Medina, an employee of the Sewerage and Water Board for almost sixteen years, testified that the hole was between one and a quarter and two inches deep and that "most likely [the Sewerage and Water Board] would have had barricades on it from that time."
Plaintiff testified that he was driving in the center lane of Canal Street at an estimated speed of 30 m.p.h. when he hit a three to five inch deep hole. Plaintiff testified that the accident caused him to suffer back and leg pain, and that his vehicle sustained $500 worth of damages.
Accordingly, this evidence supports the trial court's conclusion that the Sewerage and Water Board should have barricaded the hole and thus, the Sewerage and Water Board is fully liable for Plaintiffs physical injuries and property damage.
*203 The next issue we will address is whether the trial court erred in failing to adequately consider the intervening accident in assessing damages. In reviewing damages, an appellate court should not disturb an award unless it is an abuse of discretion. Valley v. Specialty Restaurant Corp., 98-0438, p. 22 (La.App. 4 Cir. 1/19/99) 726 So.2d 1028, 1040 writ denied, 99-0478 (La.4/1/99), 742 So.2d 560. In this case, we find that the trial court did abuse its discretion in not considering the February 2, 1996 automobile accident  an accident that occurred before the second and third surgeries performed on Plaintiffs back.
Plaintiff testified that he was involved in an automobile accident on February 2, 1996. He testified that as a result of the accident, his vehicle sustained $2000.00 worth of damage to the left fender and left side, and that he injured his lower back. Plaintiff testified that although he was still under the care of New Orleans Orthopedics, he still sought treatment from a chiropractor. Plaintiff could not recall the name of the chiropractor, only that his attorney, Rusty Solomon, sent him to his office. At trial, Plaintiff admitted that the accident aggravated his condition.
Dr. Manale testified that he has treated Plaintiff since 1986 and that on July 18, 1995, Plaintiff came to him with complaints of low back and leg pain. Dr. Manale's diagnosis on that date was that Plaintiff had a ruptured disk and a sprain. Because Plaintiff had a ruptured disk between the fourth and fifth lumbar vertebrae, Dr. Manale, on December 5, 1995, removed the disk and replaced it with a bone graft. However, Dr. Manale testified that he was unaware of the fact that Plaintiff, only two months following this back surgery, was in another automobile accident. Dr. Manale testified that he would have expected Plaintiff to inform him of this "accident in which his vehicle sustained property damage and he and three other occupants sustained personal injury." Further, Dr. Manale testified that had he known about this accident, his diagnosis, for any period after February 2, 1996 and any surgery that resulted thereafter, may have been affected.
This testimony does indicate that the trial court erred in finding that the second and third surgeries, performed on Plaintiff in April of 1997 and May of 1998, resulted from the February 3, 1994 accident.
The next issue we will address is whether the trial court erred by omitting the charges of $26,109.45 for Plaintiffs first surgery; and in failing to award Dr. Manale's total bill of $29,277.19.
The record indicates that Plaintiff offered, introduced and filed the hospital bills for the three surgeries performed on Plaintiff and that the trial court left the record open for Dr. Manale to submit his fees and charges related to this accident. Nonetheless, we find no indication in the record that Plaintiff either petitioned for an appeal or answered the Sewerage and Water Board's appeal pursuant to Civil Procedure article 2133. Although Plaintiffs counsel designated his brief as filed on behalf of a "second appellant" and included arguments for modification of the judgment, his procedural history omits any mention of any such appeal or answer. Because our law prohibits any modification in favor of a party who has not appealed or answered an appeal, we will not consider Plaintiffs arguments on appeal.
For the reasons stated above, we reverse that portion of the judgment awarding $18,328.35 for the cost of a surgery in April of 1997, and $19,285.00 for the cost of a surgery in May of 1998. In all other respects, the judgment of the trial court is affirmed.
AFFIRMED IN PART; AND REVERSED IN PART.
MURRAY, J., concurs in part and dissents in part with reasons.
*204 ARMSTRONG, J., concurs in part and dissents in part for the reasons assigned by Judge MURRAY.
MURRAY, J., concurring in part and dissenting in part, with reasons:
Mr. King's description of the S & WB's excavation on Canal Street, left uncovered and without any warning for approaching vehicles, fully supports the trial court's determination of liability. Accordingly, I concur in that portion of the majority opinion.
However, I must respectfully dissent from the reversal of the award of medical expenses for Mr. King's treatment following the February 1996 accident. Although it was established on cross examination that Mr. King had not informed Dr. Manale of that collision, he expressly noted that "[s]ome patients have trivial accidents, they don't think it's important and they don't tell me." Furthermore, the doctor repeatedly emphasized that unless he knew more about the nature and extent of the accident, he could not speculate as to its effect on his patient's condition. At most, Dr. Manale's testimony on cross merely establishes that it "would be important" if Mr. King reported a back injury from a subsequent accident, and that his condition "could have" been aggravated in some way. However, the doctor was not provided with any details of the occurrence other than that property damage and personal injuries were reported, nor was he asked for an opinion regarding any aggravation based upon any hypothets.
In contrast to the vague acknowledgement that a subsequent accident "could have" aggravated his patient's condition, Dr. Manale was specifically asked on redirect about Mr. King's first office visit after February 1996. The doctor responded that according to his notes dated April 23, 1996, a CT scan showed no pathology other than the surgical site, which was "a good sign .... [that] he is headed in the right direction.... If things continue to look good we will talk about discontinuing the course of the rehabilitation."
Thus, although defense counsel elicited vague, speculative testimony to suggest a break in the causal link between this 1994 accident and the plaintiffs second and third surgeries, the evidence established that, in fact, Dr. Manale found no aggravation or deterioration in Mr. King's condition shortly after the February 1996 accident. Therefore, the trial court's determination of causation is fully supported by the record and cannot be manifestly erroneous, as suggested in this opinion.
For these reasons, I would affirm the district court's judgment in its entirety.
NOTES
[1] The accident occurred near the intersection of Canal and North Dupre Streets in New Orleans, Louisiana.