769 So.2d 698 (2000)
Carmela ADLER
v.
AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, Allstate Insurance Company and its Insured Frederick Sutton.
No. 99-CA-3182.
Court of Appeal of Louisiana, Fourth Circuit.
September 20, 2000.
*699 Paul L. Katz, Covington, LA, and J. Vance Robichaux, Jr., Chalmette, LA, Counsel for Plaintiff-Appellee Carmela Adler.
Leon A. Crist, Law Offices of Steven B. Witman, Metairie, LA, Counsel for Defendants-Appellants Frederick Sutton, Allstate Insurance Co., and Allstate Indemnity Company.
Court composed of Chief Judge ROBERT J. KLEES, Judge WILLIAM H. BYRNES, III, and Judge MIRIAM G. WALTZER.
*700 KLEES, Chief Judge.
Following a bench trial in this automobile accident case, the trial court rendered judgment in favor of plaintiff, Carmela Adler, and against defendants, Frederick Sutton, Allstate Insurance Company and Allstate Indemnity Company. Defendants now appeal from this judgment on the basis of four assignments of error. We amend and affirm.

Facts
On September 19, 1996, a vehicular accident occurred between a car driven by Lisa Adler and a truck driven by Frederick Sutton. At the time of the accident, Carmela Adler, plaintiff herein, was a guest passenger in the vehicle driven by her daughter-in-law, Lisa Adler.
On July 2, 1997, plaintiff filed a petition for damages against Frederick Sutton and Allstate Insurance Company, the liability insurer of the vehicle Sutton was driving at the time of the accident.[1] Plaintiff also named as defendant American National Property and Casualty Company, the liability insurer of the vehicle driven by Lisa Adler. Allstate Insurance Company and Sutton answered the petition denying the allegations and further answering that the cause of the accident was the negligence of Lisa Adler.
On July 17, 1998, plaintiff amended her petition to name as defendant Allstate Indemnity Company, the liability insurer of defendant, Frederick Sutton. On October 13, 1998, Allstate Indemnity Company answered the amended petition denying liability and asserted a third party demand against Lisa Adler and a cross claim against American National Property and Casualty Company.[2]
On December 15, 1998, plaintiffs case against Frederick Sutton, Allstate Insurance Company and Allstate Indemnity Company was tried before the trial judge. The trial court took the matter under advisement, and judgment was rendered on January 21, 1999 in favor of plaintiff and against defendant Frederick Sutton in the amount of $21,606.02, plus interest and costs. Judgment was also rendered against Allstate Insurance Company for $10,000.00 and against Allstate Indemnity Company for $10,000.00. Each of these judgments included legal interest on the entire amount of the judgment, $21,606.02, and all costs. Defendants were granted a suspensive appeal on February 26, 1999.

Discussion
By their first assignment of error, defendants contend that the trial court erred in failing to find negligence on the part of Lisa Adler. In her reasons for judgment, the trial court made the following findings:
This Court finds that on September 19, 1996, Frederick Sutton entered the intersection on North Robertson and Poland Avenue on a red light and struck the vehicle driven by Lisa Adler. Lisa Adler entered the intersection on a green light. Thus, the negligence of Frederick Sutton was the sole cause in fact of the collision, which occurred between the truck Sutton was driving and the vehicle in which the plaintiff, Carmela Adler, was riding as a guest passenger. Both Carmela Adler and Lisa Adler are free from any fault.
A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La.1993). The two part test for the appellate review of a factual finding is 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the record establishes that the finding is clearly wrong. Id. Although an appellate *701 court may feel its own evaluations of credibility and reasonable inferences of fact are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. King v. Sewerage and Water Board of New Orleans, 99-0382 (La.App. 4 Cir. 11/24/99), 747 So.2d 200, writ denied, 99-3588 (La.2/18/00), 754 So.2d 967.
At the trial of this matter, Lisa Adler testified that she was driving on Poland Avenue at the intersection of North Robertson St. and that the light facing her was green. She stated that as she drove through the intersection, the back bumper of her vehicle was struck on the driver's side by a truck being driven by defendant Frederick Sutton. She stated that the first time she saw Sutton's vehicle was when she looked in her side-view mirror as she passed through the intersection.
Frederick Sutton was deceased at the time of trial, and his deposition was entered into evidence. He stated that he was driving on North Robertson Street when the vehicle in front of him stopped to attempt to make a turn. Before he could clear the intersection, the light changed from green to red, and his truck "was sticking out a little bit into the road." He started to back up to get out of the intersection, but his truck was struck on the driver's side front bumper by the car driven by Lisa Adler. Mr. Sutton stated that after the accident, he was given a citation by the police department for running a caution light.
Defendants rely on the photographs to support their claim that the accident could not have occurred as described by Ms. Adler. Defendants contend that if the Sutton vehicle had struck the Adler vehicle as claimed by Ms. Adler, the damage to the truck driven by Mr. Sutton would have been different. Instead, defendants argue that the particular damage to the two vehicles as depicted in the photographs introduced at trial supports Mr. Sutton's version of the facts that he was struck by the vehicle driven by Lisa Adler.
Further, defendants contend that the evidence indicates that Ms. Adler's failure to see Mr. Sutton's truck prior to the accident was an intervening act of negligence which absolves Mr. Sutton of liability for the accident. Defendants contend that Ms. Adler's admission that she saw the truck in her mirror prior to the accident indicates that she knew she may have struck the truck when she drove through the intersection.
In addition, defendants claim that Carmela Adler's injuries which allegedly occurred when she hit her head on the headrest of the vehicle were caused by Lisa Adler's actions in stopping the vehicle in a sudden manner as testified to by Carmela Adler. Carmela Adler testified at trial that following the impact with the Sutton vehicle, her daughter-in-law did not stop gradually as she testified at trial, but that she slammed on her brakes to bring the car to a stop.
However, the trial court heard the testimony of the witnesses and rejected defendants' arguments concerning Ms. Adler's liability. We find no manifest error in this determination. The record shows that Ms. Adler proceeded through the intersection on a green light. Further, Mr. Sutton admitted that his vehicle was encroaching on the intersection, and he received a citation for his actions. In addition, the record supports the trial court's finding that Ms. Adler's actions in braking the vehicle were due to the impact with the Sutton vehicle and were not the result of her own negligence. Under the circumstances presented here, the trial court's determination that Mr. Sutton was totally at fault in this accident is reasonable and must be upheld.
Defendants next contend that the trial court erred in awarding an excessive amount of general damages to Carmela Adler. Regarding the quantum issue, the trial judge is given great, "even vast," discretion in awarding general damages. *702 Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993). The standard of review for damage awards requires a showing that the trier of fact clearly abused the great discretion accorded the trier in awarding damages and, in effect, the award must be so high or low in proportion to the injury that it "shocks" the conscience. Reichert v. Barbera, 601 So.2d 802 (La.App. 4th Cir.1992).
Defendants argue that plaintiff's credibility was called into question when she denied at trial that she had experienced prior back pain or told her treating physician of her previous back problems. Further, defendants contend that plaintiff failed to follow the orders of her treating physician to attend physical therapy, thereby failing to mitigate her damages. Defendants argue that these facts show an abuse of discretion by the trial court in rendering the damage award.
The trial court, in its reasons for judgment, recognized that although plaintiff denied prior back problems, her treating physician testified that she had informed him of such problems during the course of her treatment. The trial court apparently took this conflict into consideration when rendering its award. The trial court also referred in her reasons to the fact that plaintiff only attended three physical therapy sessions, and this fact was also considered by the trial court.
The trial court rejected testimony of plaintiff's treating physician that she may have a herniated disc or nerve root impingement, and instead concluded that plaintiff had suffered from a significant soft tissue injury. The record supports a determination that plaintiff sustained a cervical strain, which resulted in headaches and neck pain. She was treated over a period of six months, and she testified at trial that she continues to have pain in her neck which limits her recreational activities and her ability to work.
Although the trial court's award of $20,000.00 may appear to some to be on the high end of the scale, we are convinced that the trial court carefully considered both the testimony of plaintiff and her treating physician in this case. Defendants failed to introduce any medical evidence to contradict the medical evidence submitted by plaintiff. The award rendered is not so high in proportion to the plaintiff's injuries that it "shocks the conscience." Under the circumstances presented here, we fail to find that the trial court abused its discretion in rendering the award of general damages. We find no merit in this assignment of error.
Finally, defendants contend that the trial court erred in awarding legal interest on the entire judgment and all costs of the proceedings against each of the defendants. Defendants argue that the judgment against each of the defendants should only include legal interest on that part of the judgment for which the particular defendant is cast, together with a pro-rata portion of court costs. We agree.
Under LSA-R.S. 13:4203, all liability carriers owe interest on their policy limits from the date of judicial demand. However, this statute does not prohibit insurers from drafting policy provisions to limit their interest obligations on excess judgments, and Louisiana courts have upheld policy provisions which extend interest payments only to policy limits. O'Donnell v. Fidelity General Ins. Co., 344 So.2d 91, 94 (La.App. 2nd Cir.1977).
Both of the policies at issue in this case were introduced into the record at trial. Both policies contain explicit provisions that the insurers will only pay interest on damages not exceeding the limits of liability. Each of the policies contained a $10,000.00 policy limit. Therefore, each insurer is only liable for interest on this amount. The trial court's judgment holding each insurer liable for interest on the entire amount of the judgment is erroneous. The judgment of the trial court is amended to grant legal interest against *703 each of the insurers only to their policy limits.
Further, we find that the trial court erred in its judgment with regard to the assessment of costs of the trial court proceedings. The general rule is that the party cast in judgment is taxed with cost of proceedings; however, the trial court may assess costs in any equitable manner, and its assessment will not be reversed on appeal in absence of an abuse of discretion. LSA-C.C.P. art. 1920.
In this instance, the trial court cast each of the three liable defendants with 100% of the costs. This judgment would necessarily result in double recovery of costs to the plaintiff in this case. A more equitable result would be to cast each party with a percentage of the costs. Thus, costs of the trial court proceedings are assessed equally to each of the three defendants: Frederick Sutton, Allstate Insurance Company and Allstate Indemnity Company. The judgment of the trial court is amended accordingly.
In all other respects, the judgment of the trial court is affirmed. Defendants are also cast equally with the costs of this appeal.
AFFIRMED AS AMENDED.
NOTES
[1] At the time of the accident, Mr. Sutton was a permissive user of a vehicle owned by a friend.
[2] Although plaintiff filed an opposition to the third party demand and cross-claim, this matter was not heard by the trial court and these claims are not before us on appeal.