h JAMES F. MCKAY, III, Judge.
On August 18, 1997, an altercation involving Joseph Loria and Scott McCreary occurred at Petunia’s Restaurant. Mr. Loria, who had a history of nerve damage and paralysis in his left hand, was employed as a waiter at ;the restaurant while Mr. McCreary worked there as a dishwasher; Mr. Loria had no supervisory capacity over Mr. McCreary or any other *512 employee. The cause of this altercation apparently had something to do with a disagreement as to who was going to take chairs off the tables. After the altercation, Mr. Loria continued working and did not go to a hospital or doctor that day. However, the restaurant’s manager, Jay Loom-is, sent Mr. McCreary home. After Mr. McCreary’s departure, Mr. Loria telephoned the police and filed charges against him.
On August 20, 1997, Mr. Loria went to the emergency room at Methodist Hospital with a chief complaint of left arm weakness. The treating diagnosis was radial nerve palsy/multiple contusions. On August 26, 1997, Mr. Loria was examined by Dr. Donald Faust and was diagnosed as having a radial nerve palsy; it was Dr. Faust’s opinion that Mr. Loria had a very complex history with a prior | ¡.radial nerve paralysis. Mr. Loria was referred to Dr. William Martin for a neurological evaluation. It was Dr. Martin’s opinion that the current electro diagnostic studies should tend to indicate the presence of mononeu-ropathy of the left radial nerve which appears to be in convalescence stage. Mr. Loria then underwent physical therapy at Southern Hand Specialist. He was discharged on October 21,1997 with goals not met. Thereafter, Mr. Loria underwent surgery with preoperative and postoperative diagnoses being the same: left low radial nerve palsy. After his surgery, Mr. Loria returned to work. However, he did not return to Petunia’s.[1]
On October 31, 1997, Mr. Loria filed suit against Petunia’s Restaurant d/b/a St. Louis Crepe Shop and its owners, Alexander Peter Thomas and Hoyle Boyd, alleging that they were responsible for his injuries pursuant to Louisiana Civil Code articles 2315 and 2320. Mr. Loria later added Scott McCreary as an additional defendant. On January 22, 2001, Mr. Lo-ria filed a motion for partial summary judgment seeking to establish that Petunia’s Restaurant was liable for the tortious act of its employee, Scott McCreary. The trial court denied the motion on April 6, 2001. The case proceeded to trial on April 16, 2002. On April 26, 2002, the trial court entered judgment in favor of the defendants and dismissed the plaintiffs claims with prejudice, with each party bearing its own costs. The plaintiff then filed a motion for a new trial which the trial court denied. The plaintiff appeals the trial court’s judgment.
I ¡¡On appeal, Mr. Loria contends that the trial court erred in failing to consider allegations of Petunia’s negligence in his second supplemental and amending petition, specifically allegations of Petunia’s vicarious liability for the acts of its employee, Mr. McCreary.
The trial court was provided with several opportunities to consider whether Petunia’s was vicariously hable for the acts of Mr. McCreary. Although the trial court’s judgment and reasons for judgment make no mention of vicarious liability that does not mean that the trial court did not consider this issue. It is well settled that when a trial court’s judgment is silent with respect to a party’s claim, or an issue placed before the court, it is presumed that the trial court denied the relief sought. Dixie Roofing Co. of Pineville, Inc. v. Allen Parish School Bd., 95-1526, 95-1527 (La.App. 3 Cir. 5/8/96), 690 So.2d 49; Campagna v. Smallwood, 428 So.2d 1343 (La.App. 4 Cir.1983). Therefore, in the instant case, we presume that the trial court found that there was no vicarious liability on the part of Petunia’s.
*513 In order for an employer to be held vicariously liable for the intentional tort of one employee against another, the tortfeasor/employee must be acting within the course and scope of his employment. Aaron v. New Orleans Riverwalk Ass’n, 580 So.2d 1119, 1121 (La.App. 4 Cir.1991). The mere fact that an employee commits an intentional tort at the workplace does not in and of itself expose an employer to vicarious liability. Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994, 1000. In LeBrane v. Lewis, 292 So.2d 216 (La.1974), the Louisiana Supreme Court set forth several factors to be considered in determining whether an | ¿employee, when committing an intentional tort, was acting within the course and scope of his employment. Those factors are: whether the tortious conduct was primarily employment rooted; whether the violence was reasonably incidental to the performance of the employee’s duties; whether the act occurred on the employer’s premises; and whether it occurred during the hours of employment.
In the instant case, the altercation took place at Petunia’s during the hours of employment. Whether the tortious conduct was primarily employment related is somewhat ambiguous. While it is true that Mr. Loria told Mr. McCreary to take chairs off the tables, he also called Mr. McCreary a number of derogatory names both before and after telling Mr. McCreary to remove the chairs. The violence, however, was not reasonably incidental to the performance of Mr. Loria’s duties; he was not acting within the ambit of his assigned duties or in furtherance of his employer’s objectives. On the day of the altercation, Mr. Loria was a waiter; he was not a manager or supervisor.[2] Mr. McCreary was a dishwasher. It was not part of his job to remove chairs from the tables and his supervisor, Jay Loomis, never instructed him to do so. Accordingly, at the time of the altercation, neither Mr. Loria nor Mr. McCreary were acting within the course and scope of their employment with Petunia’s. Therefore, Petunia’s is not vicariously liable for Mr. Loria’s alleged injuries.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. After returning to work, Mr. Loria worked for several employers. Mr. Loria also made a number of representations concerning his work history that were untrue.

. Mr. Loria, at some time prior to the incident, was a manager, but he was relieved of managerial responsibilities because he did not perform them satisfactorily.