| ¡¿MARION F. EDWARDS, Judge.
Plaintiff/appellant George Farber Jr. seeks to appeal a January 23, 2004 order of the trial court that rescinded a previous court order staying custody proceedings and requiring the parties to submit to mediation within 45 days. Because this court is without appellate jurisdiction in this matter, the appeal is dismissed.
Farber was granted a divorce from his wife, Elizabeth Ayerst, in December, 1995. That judgment included a joint custody decree regarding the children, ordering that there would be no child support, but that each parent would pay the living expenses of the minor children while residing with that parent. The judgment included the proviso that in the event the custody arrangement proved impractical or unacceptable, the matter would be submitted to court supervised mediation.
In November, 2002, Ayerst filed a Motion To Modify Child Custody And Child Support, averring that since Farber moved to California, the original | .¡arrangement was impracticable. An interim order of support was issued by consent of the parties and a hearing was set for May 27, 2003, on the child support issue. In response, Farber filed a Memorandum in Opposition To Motion To Modify Child Custody And Child Support, in which he alleged, among other things, that any action to modify the 1995 custody arrangement was premature in the absence of mediation proceedings.
The trial court referred Ayerest’s motion for modification of child support to the domestic hearing officer for consideration. The officer fixed a basic support amount of $1,197.00 per month, to which Farber filed *653 an objection and request for an evidentiary hearing in the district court. The hearing was originally set for August 13, 2003, but for reasons not apparent of record, was continued. On September 18, 2003, the court ordered an expert evaluation regarding the custody/visitation proceedings. On October 9, 2003, the hearing on the motion objecting to the commissioner’s order of support was finally held, at which time the district court denied Farber’s objection, and adopted the commissioner’s recommendation, making it the judgment of the court.
On December 18, 2003, Farber filed a Motion To Stay Proceedings, alleging that a hearing on his “Exception of Prematurity” was not held prior to the October 9th judgment. Farber averred that the consent interim support order should remain in effect until supervised mediation had taken place. The court granted the stay ex parte and ordered the parties to submit to mediation within 45 days.
Ayerst filed an objection to the order, requesting the court rescind the stay and the order for mediation. The motion urged that notice of the mediation order was never served on her. On January 27, 2004, the order was rescinded. This is the judgment of the District Court currently on appeal.
At the outset, we note that as Farber admitted in his Motion And Order For Devolutive Appeal, the January judgment rescinding the stay order and ordering | ¿mediation is an interlocutory one, as indeed, is the stay order itself. Further, Farber has made no showing of irreparable injury so as make that judgment ap-pealable. Review of this judgment is properly taken under this court’s supervisory jurisdiction. However, this court does not convert appeals into Writ Applications.[1] Thus, we are without jurisdiction to consider the appeal.
Even so, we observe that other than ordering an expert evaluation in the custody proceedings, all actions of the trial court, including the October 16th judgment, involved child support. Although that support judgment was silent on the issue of prematurity, it does not mean that the trial court did not consider this issue at that time. It is well settled that when a trial court’s judgment is silent with respect to a party’s claim, or an issue placed before the court, it is presumed that the trial court denied the relief sought.[2] The portion of the divorce judgment providing for mediation involves the joint physical custody of the children and not the issue of child support. Therefore, even if we considered the present appeal to be from the underlying support order, we would find no error in the implicit denial of the exception of prematurity. It follows that the court properly rescinded the stay order. Finally, insofar as Farber attempts to appeal from that October 16th support order, such appeal is untimely. To the extent that Farber argues error in the order for an evaluation, again, such order has not been appealed and writs have not been taken.
For the foregoing reasons, the appeal is dismissed.
APPEAL DISMISSED

. Rubin v. Westport Ins. Corp., 02-643 (La.App. 5 Cir. 12/11/02), 833 So.2d 1245.

. Loria v. Petunia’s Restaurant 2002-1712 (La.App. 4 Cir. 7/9/03), 852 So.2d 510.