| DE ROME A. SEALS | * | NO. 2019-CA-0123 |
| --- | --- | --- |
| VERSUS | * | |
| | | COURT OF APPEAL |
| FRANKLIN AVENUE BAPTIST | * | |
| CHURCH OF NEW ORLEANS, | | FOURTH CIRCUIT |
| LA | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-11336, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge

\* \* \* \* \* \*

**Judge Terri F. Love**

\* \* \* \* \* \*

(Court composed of Chief Judge James F. McKay III, Judge Terri F. Love, Judge Dale N. Atkins)

De Rome A. Seals
1527 Gallier Street
New Orleans, LA 70117

     COUNSEL FOR PRO SE PLAINTIFF/APPELLANT, DE ROME A.
     SEALS

Michael G. Bagneris
DAVILLIER LAW GROUP
935 GRAVIER STREET, Suite 1702
New Orleans, LA 70112

     COUNSEL FOR DEFENDANT/APPELLEE, FRANKLIN AVENUE
     BAPTIST CHURCH

**AFFIRMED**

**November 20, 2019**

This appeal arises from damages allegedly sustained by plaintiff when he was driving a bus for defendant. The bus experienced two flat tires on the day plaintiff was driving, which he contends caused him undue stress. Plaintiff also asserts that defendant owes him a refund for a deposit he placed for a choir trip he could not attend. Numerous motions for summary judgment were filed. The trial court granted defendant's motion for summary judgment, which maintained that plaintiff had no evidence of defendant's alleged negligence or that he was entitled to a refund.

Upon review, we find that no genuine issues of material fact exist because plaintiff failed to establish that genuine issues of material fact exist as to defendant's alleged negligence once defendant pointed out an absence of factual support. No exhibits or documents were attached to plaintiff's opposition to the motion for summary judgment. Therefore, we affirm the trial court's judgment granting defendant's motion for summary judgment.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 24, 2015, De Rome Seals drove a bus for Franklin Avenue Baptist Church ("FABC") to and from Port Sulphur, Louisiana, which contained members

of the Heart to Heart congregation.  On the way to Port Sulphur, the bus experienced a flat tire.  Due to the design of the bus, Mr. Seals was able to complete the drive to Port Sulphur.  Upon arrival, Mr. Seals coordinated repairs. On the return trip to FABC, the bus experienced another flat tire.  Mr. Seals contacted service personnel and again coordinated repairs.

Separate and distinct from the bus trip, Mr. Seals paid a $60 down payment for a trip with the FABC Male Choral Tour.  However, after signing up and paying the down payment, Mr. Seals realized he would be unable to partake in the trip. He sought a complete refund of his down payment, which was not granted.

Mr. Seals filed a complaint *in forma pauperis* against FABC contending that the bus' flat tires were a result of FABC's negligence and that he suffered the aggravation of a pre-existing illness,[1] anxiety, embarrassment, spiritual confusion, humiliation, and stress.  He also averred that FABC owed him a $60 refund for his trip down payment.  Mr. Seals asserted that he was due $25,000,000.00 in damages.

A few months after filing the complaint, Mr. Seals filed his first Motion for Summary Judgment, which the trial court denied.  Mr. Seals then sought appellate review of the denial.  This Court ordered the dismissal of his appeal for lack of jurisdiction.  Mr. Seals filed two subsequent Motions for Summary Judgment, which were both denied by the trial court.  After Mr. Seals contended that he was not a part of FABC's transportation ministry, FABC filed an exception of lack of subject matter jurisdiction.  FABC maintained that if Mr. Seals was not in the transportation ministry, then he was an employee of FABC, which placed his claims in worker's compensation law as opposed to tort law.

---

[1] Namely, a positive diagnosis for human immunodeficiency virus.

Mr. Seals opposed the exception and then filed a fourth Motion for Summary Judgment asserting that he was entitled to judgment because he possessed an affidavit of an alleged tire expert who stated that the bus tires were dry rotted.[2] FABC opposed the fourth Motion for Summary Judgment, but also filed a Cross-Motion for Summary Judgment, which alleged that there were no genuine issues of material fact because, while the flat tires caused Mr. Seals inconvenience, he did not expend any personal funds for repairs. Additionally, Mr. Seals did not produce evidence of negligence sufficient to establish that genuine issues of material fact exist. The trial court denied Mr. Seals' fourth Motion for Summary Judgment and granted FABC's Motion for Summary Judgment.[3] The trial court also determined that an outstanding Motion to Strike[4] was rendered moot and denied FABC's Motion Compel.[5] Mr. Seals' Notice of Appeal of the judgment followed.

Mr. Seals asserts numerous assignments of error, but his central contention is that the trial court erred by granting FABC's Motion for Summary Judgment and denying his fourth Motion for Summary Judgment.

## *MOTION FOR SUMMARY JUDGMENT*

The summary judgment "procedure is favored and shall be construed to accomplish" and "secure the just, speedy, and inexpensive determination of every

---

[2] Notably, no exhibits or documents were attached to support Mr. Seals' fourth Motion for Summary Judgment.

[3] Initially, the record on appeal did not contain a judgment. This Court issued a Rule to Show Cause as to why the appeal should not be dismissed based on the missing judgment. In response, Mr. Seals opposed a dismissal and attached a verified copy of the trial court's judgment. This Court then noted that the judgment lacked decretal language sufficient to invoke jurisdiction. This Court then ordered the trial court to amend the judgment to comply with decretal language requirements.

[4] FABC filed a Motion to Strike Mr. Seals' expert affidavit, namely, the affidavit of the alleged tire expert who based his attestations on Mr. Seals' representations as opposed to an inspection of the tires.

[5] FABC previously filed a Motion to Compel Mr. Seals to pay the cost and fees of conducting a *process verbal* when Mr. Seals failed to appear for his deposition.

action. La. C.C.P. art. 966(A)(2). "[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). Further, the burden of proof is on the mover. La. C.C.P. art. 966(D)(1). However, "if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden" is "to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id.* "The burden is" then "on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

"The standard of review on a *Motion for Summary Judgment* is *de novo*." *Richard v. Turner*, 09-0161, p. 4 (La. App. 4 Cir. 7/1/09), 16 So. 3d 523, 525. We utilize "the same criteria applied by trial courts to determine whether summary judgment is appropriate." *Transworld Drilling Co. v. Texas Gen. Res., Inc.*, 604 So. 2d 586, 589 (La. App. 4th Cir. 1992).

### FABC's Motion for Summary Judgment

FABC's Motion for Summary Judgment contended that no genuine issues of material fact exist, as Mr. Seals failed to present evidence of negligence.

As this Court previously outlined:

> In addressing negligence claims, Louisiana courts employ a duty-risk analysis under which a plaintiff must prove the following five elements: 1) the defendant's duty of care to the plaintiff; 2) the defendant's breach of that duty; 3) cause-in-fact; 4) legal causation (scope); and 5) damages to the plaintiff caused by that breach. *Davis v. Witt*, 02-3102, 02-3110, p. 11 (La. 7/02/03), 851 So.2d 1119, 1127 (citing *Roberts v. Benoit*, 605 So.2d 1032 (La.1991), *on reh'g*, 605 So.2d 1050, 1051 (La.1991)). If a plaintiff fails to prove any one of the five elements, a

4

> defendant will not be held liable. *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095, p. 7 (La. 3/10/06), 923 So.2d 627, 633; *Pitre v. Louisiana Tech Univ.*, 95-1466, 95-1487, p. 9 (La. 5/10/96), 673 So.2d 585, 590.

*Jones v. Stewart*, 16-0329, pp. 8-9 (La. App. 4 Cir. 10/5/16), 203 So. 3d 384, 389-90.

In support of the Motion for Summary Judgment, FABC attached the drivers' rules for the transportation ministry, the pre-trip checklist completed by Mr. Seals before leaving FABC on May 24, 2015, excerpts from Mr. Seals' deposition, and a letter from the Senior Pastor at FABC explaining that $50 of the down payment was non-refundable, as being used to reserve transportation. The excerpt from Mr. Seals' deposition attached reflects that Mr. Seals testified that the Senior Pastor at FABC was "untruthful" in the letter. Mr. Seals did admit to filling out the pre-trip checklist.

In opposition, Mr. Seals submitted a one and a half page memorandum, contending that FABC did not provide a refund policy or produce documents "establishing any recent purchases of tires or inspections [sic] dates for the vehicle in question." No exhibits or documents were attached, even though Mr. Seals attached documents to his previously filed motions for summary judgment.

Once FABC established that there was a lack of factual support regarding its alleged negligence, the burden then shifted to Mr. Seals to produce factual support sufficient to demonstrate a genuine issue of material fact. Mr. Seals failed to meet the transferred burden of proof on a motion for summary judgment.

It is undisputed that the bus driven by Mr. Seals experienced two flat tires on May 24, 2015. It is undisputed that Mr. Seals coordinated the required repairs. FABC paid for all of the repairs. Mr. Seals completed the pre-trip checklist, which noted that the tires seemed adequate prior to leaving FABC for Port Sulphur.

5

Additionally, although not attached, Mr. Seals' deposition reveals that the affidavit from his alleged tire expert was based on representations made by Mr. Seals, as opposed to being based on an inspection of the bus and its tires.

"Generally, summary judgment is rarely appropriate in negligence cases 'where a decision turns on whether or not defendant's conduct constitutes tort.'" *Johnson v. Noto*, 95-0306, p. 3 (La. App. 4 Cir. 11/30/95), 665 So. 2d 1184, 1186, quoting *Smith v. Walgreens Louisiana Company, Inc.*, 542 So. 2d 766, 767 (La. App. 4th Cir. 1989). However, "[t]he non-moving party is not allowed to rely on the allegations of its pleadings in opposition to a properly supported motion for summary judgment." *Schmidt v. Chevez*, 00-2456, p. 4 (La. App. 4 Cir. 1/10/01), 778 So. 2d 668, 670. Further, when challenged, Mr. Seals "produced little more than his own self-serving testimony," which is insufficient. *Edgefield v. Audubon Nature Inst., Inc.*, 17-1050, p. 9 (La. App. 4 Cir. 3/27/19), 267 So. 3d 738, 744. "Mere conclusory allegations, improbable inferences and unsupported speculation will not support a finding of a genuine issue of material fact." *Sears v. Home Depot, USA, Inc.*, 06-0201, p. 12 (La. App. 4 Cir. 10/18/06), 943 So. 2d 1219, 1228. "Such allegations, inferences and speculation are insufficient to satisfy the opponent's burden of proof, even if contained in a deposition." *Id.* FABC established the absence of factual support for Mr. Seals' claims. Mr. Seals filed only his memorandum. Mr. Seals did not produce evidence sufficient to demonstrate that genuine issues of material fact exist as to FABC's alleged negligence. Accordingly, we find that the trial court correctly granted FABC's Motion for Summary Judgment.

### *MOTION TO COMPEL PAYMENT OF COSTS AND FEES*

6

FABC states in its appellee brief that it assigns error to the trial court's denial of its Motion to Compel Plaintiff to Pay the Cost and Fee of Conducting a *Proces Verbal*. However, the record does not contain a cross-appeal, answer to the appeal, or an application for supervisory review regarding the trial court's judgment filed by FABC.

As an appellee, FABC was not required to answer Mr. Seals' appeal "unless [it] desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant." La. C.C.P. art. 2133. If changes are sought, the appellee "must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later." *Id*. Appellate courts will not consider an appellee's arguments for modification on appeal if an answer or cross-appeal were not filed. *King v. Sewerage & Water Bd. of New Orleans*, 99-0382, P. 6 (La. App. 4 Cir. 11/24/99), 747 So. 2d 200, 203. As such, we will not address FABC's single assignment of error.

### *DECREE*

For the above-mentioned reasons, we find that once FABC established the absence of factual support for Mr. Seals' negligence claims, Mr. Seals failed to produce factual support sufficient to demonstrate the existence of a genuine issue of material fact as to FABC's alleged negligence or the repayment of the $60. We find that the trial court did not err by granting FABC's Motion for Summary Judgment. As FABC did not file an answer or cross-appeal, we are prohibited from addressing the Motion to Compel. The judgment of the trial court is affirmed.

**AFFIRMED**